UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIONY CRUZ-CORREA, Individually and
as Limited Administrator of the
ESTATE OF KIARAH HALL, Deceased,

                                          Plaintiff,

                                                                          DECISION AND ORDER

                                                                          09-CV-6670L

                                          v.

ANTHONY L. JORDAN HEALTH CENTER
and ROCHESTER GENERAL HOSPITAL,

                                          Defendants.
_____

## **INTRODUCTION**

Plaintiff Eliony Cruz-Correa ("plaintiff") brings this action alleging negligence against the Anthony L. Jordan Murray Health Center (the "Murray Center") and Rochester General Hospital (the "Hospital"). The United States now moves to be substituted for the Murray Center as the real party in interest and to dismiss the action for lack of subject matter jurisdiction (Dkt. #2), and both the government and the Hospital move for dismissal of the action pursuant to Fed. R. Civ. Proc. 12(b)(1),(4), (5) and/or (6) (Dkt. #2, #8). The motions, which are unopposed, are granted for the reasons that follow.

The United States moves to be substituted for the Murray Center as the proper party defendant pursuant to 42 U.S.C. §233(c), on the grounds that the employees at issue were acting within the scope of the Federally Supported Health Care Centers Assistance Act, and thus are federal "Public Health Care Employees" as defined therein, and have been certified as such by the Attorney

General. Based on these undisputed facts, the government's motion for substitution is granted, and the United States is substituted for the Murray Center as the real party in interest. *See generally* 28 U.S.C. §2679(d)(1).

Plaintiff's claims against the United States are thus governed by the requirements of the Federal Tort Claims Act ("FTCA"), which requires the filing of an administrative claim as a jurisdictional prerequisite to bringing suit. *See* 28 U.S.C. §2675. The United States avers that plaintiff has not filed an administrative claim as required by the FTCA, and plaintiff has not opposed the motion to dismiss or otherwise requested that her failure to comply with the FTCA's requirements be excused. Accordingly, I find that the plaintiff's failure to file an administrative claim deprives this Court of subject matter jurisdiction over her claims against the United States, asserted as against the Murray Center, and those claims are hereby dismissed.

The Hospital's motion to dismiss is grounded upon plaintiff's failure to timely effect service of process. Plaintiff commenced this action by service of Summons with Notice in state court: once served with a Notice of Appearance and Demand for Complaint by the Hospital, plaintiff was required by N.Y. C.P.L.R. §3012(b) to serve the Hospital with the complaint within twenty days. The Hospital moved to dismiss the action in state court on the grounds that plaintiff had failed to timely serve the complaint. The action was thereafter removed to this Court, and in the ensuing months plaintiff has done nothing to cure the default, or to demonstrate an excuse for her non-compliance. The Hospital's motion to dismiss plaintiff's claims against it for failure to serve the complaint is granted.

## **CONCLUSION**

For the foregoing reasons, I find that plaintiff has failed to comply with essential jurisdictional prerequisites to bringing this action, and/or to properly and timely serve the parties

with process.  The defendants' unopposed motions for substitution and dismissal (Dkt. #2, #8) are therefore granted, and the complaint is dismissed in its entirety, with prejudice.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 3, 2011.